

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3950

Re: Computation of the Texas
Inheritance Tax in a case
where subsequent to the time
the testator makes his will
leaving his property to his
surviving spouse, a child is
born, and also subsequent to
his death a second child is
born.

We are in receipt of your letter of September 11,
1941, in which you request the opinion of this department as to
the application of the Texas Inheritance Tax Law to the facts
set out therein as follows:

"Joseph J. Hebert died a resident of
Beaumont, Jefferson County, Texas, on or about
the 7th day of March, 1940.

"The decedent and his surviving widow,
Annie Lee Hebert, executed a joint will, a copy
of which is included in the office file furnished
for your information. Under clause three, the
decedent willed all of his property to his sur-
viving widow to be occupied, enjoyed, conveyed,
expended and encumbered by and during the life
of such surviving spouse as such survivor shall
desire, and that at the death of such surviving
spouse any property remaining undisposed of
shall descend as under the laws of descent and
distribution of the State of Texas, subject, how-
ever, to the further provisions of this will. The
decedent left surviving him in addition to Annie
Lee Hebert, his surviving widow, one son, Joseph
James Hebert, who was born September 21, 1936.

On May 13, 1940, a posthumous child was born
named Benj. Chapman Hebert, who is still living.

"The representatives of the estate contend
that the tax should be computed under a distribu-
tion of a life estate to Annie Lee Hebert, surviving
widow, and the remainder distributed equally be-
tween the two now living children and they and
each of them be assessed a tax on their taxable
part of the estate, if any."

Apparently the representatives of the estate are making
the contention that rticle 8293 of the Revised Civil Statutes is
applicable in this case so that both of the children born subsequent
to the time the will was originally made by the testator would be
entitled to participate in the proceeds of his estate. Article 8293.
provides as follows:

"Every last will and testament made when
the testator had no child living, wherein any child
he might have is not provided for or mentioned, if
at the time of his death he shall leave a child, or
leave his wife enceinte of a child which shall be
born, shall have no effect during the life of such
after-born child, and shall be void, unless the child
die without having been married and before he shall
have attained the age of twenty-one years."

The facts in this case qualify he will under the first
portion of Article 8293, supra, as one made by a testator when he
had no child living. The only question arises ever whether or not
the will "mentions or provides for" any child that he might have
in the future.

Paragraph 3 of the will of the deceased reads as follows:

"It is our will and desire and the will and desire
of each of us, that the survivor of us, Joseph J. Hebert
or Annie Lee Hebert, as the case may be, shall have
and be entitled to receive, and there is hereby be-
queathed to such survivor, all of the right, title and
estate that the pre-deceasing spouse may have in and
to allproperty of every kind and character, real, per-
sonal or mixed, of which such predeceased spouse

may die, seized and possessed, either in his
or her separate right or in community, to be
owned and used by such survivor and to be
occupied, enjoyed, conveyed, expended and
encumbered by and during the life of such
surviving spouse as such survivor shall de-
sire, and that at the death of such surviving
spouse any property remaining undisposed
of shall descend as under the laws of descent
and distribution of the State of Texas, subject
however, to the further provisions of this will."

In the above quoted paragraph the deceased left all
of his property of every kind whatsoever to his surviving spouse
to be occupied, enjoyed, conveyed, expended and encumbered by
herduring her life time as she may see fit, and further provided
that if any of said property remained at the time of the death of
his surviving spouse that the same should descend under the laws
of descent and distribution of the State of Texas.

Paragraph 5 of the decedent's will provides as follows:

"It is our further will and desire and the
will and desire of each of us, that in the event
of the death of us simultaneously or in the
event our deaths shall be so nearly concurrent
that no administration could be had under this
will of the estate of the first decedent by the
survivor of us as executer or executrix, then
and in that event all property of every kind and
character, real, personal and mixed, whether
separate or community, of which we may die,
seized and possessed shall pass to and vest in
our child or children, if any, share and share
alike, and if said child or children, or either
of them, shall be under the age of twenty-one
years then and in that event that part of our
estate to which such minor child or children
is entitled to receive shall be held in trust by
our executer to be hereinafter named, until and
after such minor child or children shall reach
the age of twenty-one years when same shall
be delivered to it or them in full. It is our de-
sire, however, that our said executer shall, and
it is hereby authorized and empowered to expend
so much of said minor child's or children's

interest in said estate as may be necessary
for the reasonable support and education of
such minor child or children pending the ar-
rival of its or their majority."

In said paragraph 5 of the decedent attempted to
take care of the situation where his surviving spouse would
die either simultaneously with him or so nearly concurrent
that no administration could be had under the will. In such
event it was the decedent's desire that all of his property
pass and vest to his children, if any, provided further that
of his child or children were under the age of twenty-one
years that a trust should be created to hold such property
until said child or children attained their majority.

The question in this case is whether the provisions
in paragraph 5, above quoted, are sufficient so that it may be
said the possibility of the decedent having children was "men-
tioned" in his said will within the meaning of Article 8293, supra.

We believe that this question has been answered by
the Supreme Court of Texas in the case of Pearce v. Pearce,
134 S.W. 210. In that case the decedent's will contained the fol-
lowing provisions:

"Item 1: 'To my husband, James E. Pearce,
I bequeath lot 12 and adjacent one-half of lot 11,
block 108, city of Austin, on which our home is
built and which are my individual property to-
gether with any and all rights to and interests in
the buildings and improvements that may exist
on said lot and a half at the time of my death; the
same to be held by him in fee simple without condi-
tion.'

"Item 2: 'I bequeath to my husband James E.
Pearce, my interest in 1080 acres of Eislin and
other surveys now owned jointly by my sister Lillian
and myself, together with all the buildings and im-
provements upon and appurtenant to same to be
held and enjoyed by him in absolute right and fee
simple.'

"Item 4: 'I bequeath my one-fourth interest
in the homestead lots of my father's estate lots 7,
8, and 9 in block 108, city of Austin, to my mother;

in case of her death previous to my own to my
two sisters, Lillian and Maude. This section
is to be null and void in case of living issue
born to my body.' " (Underscoring ours)

The last sentence in Item 4 which provided that
said item was to be null and void in case of living issue being
born to the decedent's body was the only time that the possi-
bility of children being born was referred to by the decedent
in her will. The court stated the question involved in the case
as follows:

"It is the contention of the defendant in
error that she was never 'mentioned' in the will
of her mother, as that term was intended to be
construed in the law; nor was any provision made
for her. This view is antagonized and resisted
by her father, who claims that she was both men-
tioned and provided for in the will. We think there
can be no doubt that, as the law meant that term
to be understood, she was mentioned in the will,
even if it could be held that she was not provided
for in same, and that there was no revocation, and
that the estate passed in fee simple to her father,
James E. Pearce. . ."

The Supreme Court in arriving at the conclusion reached referred
to the numerous decisions of courts of other states for the purpose
of setting out the test employed by them--that is whether or not
the child was "mentioned" within the meaning of Article 8293, supra,
depended on whether from a reading of the will in the light of all the
circumstances it appeared that the failure to make provisions for a
child being born was not due to inadvertence or oversight. The court
referred to the case of Chicago, B. & Q.R.Co. v. Wasserman, 22 Fed.
872, and stated as follows:

". . . That case is distinguishable from the
one at bar in other important respects. The will
is set out at length in the opinion and contains no
kind of reference, express or implied, to any child,
or to the possibility of the existence of children;
whereas, in the case before us; in the fourth clause
copies above, Mrs. Pearce seems to have had in
view the contingency of having living issue born of
her body. When the difference in the statutes is

considered, and when we test the Wasserman
Case, supra, by the recitals of the will there
considered, the difference is demonstrable."
(Underscoring ours)

The court referred to the case of Breese v. Stiles, 22 Wis. 120,
and stated as follows:

". . . While in that case the will is not
set out at length, a summary of its terms is
given, and there is no reference, direct or in-
direct, or by the remotest inference, to the
possible existence of other children not then
born. . ." (Underscoring ours)

The court referred to the case of Waterman v. Hawkins, 63 Me.
156, and stated as follows:

". . . The opinion in that case also con-
tains the significant remark that: 'There is
nothing in such a provision to suggest that the
child was thought of by the testator. The form
of expression would indicate the contrary.' "
(Underscoring ours)

The court referred to the case of Hockersmith v. Slusher, 26 Mo.
237, and quoted from the Supreme Court of Missouri in said case
as follows:

". . .'This provision of the statute has been
several times before this court for judicial con-
struction, and it may now be considered as settled
that the object of it is to produce an intestacy only
when the child or the descendant of such child is
unknown or forgotten, and thus unintentionally omitted;
and the presumption that the omission is unintentional
may be rebutted when the tenor of the will or any part
of it indicates that the child or grandchild was not for-
gotten. . ." (Underscoring ours)

The court quoted from the opinion in the case of Guitar v. Gordon,
17 Mo. 408, and stated as follows:

" '. . . The object of the section must be
borne in mind. It is not to prevent parents from
disinheriting their children, but merely to make
provision for those, who may have been uninten-
tionally omitted. . " (Underscoring ours)

The Supreme Court then laid down the test to be applied to a
situation such as we have here in this case and stated as fol-
lows:

"It should be remembered in this case that,
as we have seen, the property in question was the
separate estate of Mrs. Pearce. Under the law she
might deed same, when joined by her husband, to
any person for any consideration satisfactory to
her, and no child or children could complain. Under
the law she is authorized to direct the disposition
of the same by will, either to the natural objects of
her bounty, or to dedicate it to charity, or to convey it
to strangers. And her right so to do cannot be abridged
or denied unless inhibited under a fair construction
of the statute relied on. We think the true construction
of the word 'mentioned,' in article 8345, is not des-
ignation by name, but means referred to or having in
mind, and as indicating that the child was in her
memory, and that her will was made with reference
to its possible existence and early birth, and that it
was not overlooked or forgotten. In other words, the
true interpretation of the statute is that it should ap-
pear either that provision should be made for the child,
or that, if no provision was made for such child, it
should appear from the will interpreted in the light
of all the circumstances that the failure to make such
provision was not accidental, due to inadvertence or
oversight. . ." (Underscoring ours)

In our case the decedent left his property under the terms
of paragraph 3 to his surviving spouse. However, it is our opinion
from a reading of the will, and especially paragraph 5 thereof, that
the decedent's children, if any, were "mentioned" in the will. It is our
opinion that paragraph 5 shows conclusively that the possibility of
children being born was had in mind when the will was executed by
the decedent, yet he prefers to leave his property to his surviving

spouse whichh e had a right to do under the law. Therefore it is our conclusion that Article 8293, supra, has no application to the will in this case because the possibility of children being born was recognized by the decedent and he "mentions" them in his will within the meaning of said article.

The further contention is made in this case that an inheritance tax should not be imposed against the surviving spouse because she is not given fee simple title to the property under the terms of the will. In paragraph 3 of the will the surviving spouse receives all the right, title and estate that the decedent had in all of his property of every kind and she was given the right to occupy, enjoy, convey, expend and encumber the same during her life time. If any remained at her death the same was to pass under the laws of descent and distribution of the State of Texas. We call your attention to Opinion No. 0-2351 of this department in which we considered the provisions of a will which read as follows:

" 'SECOND: - I give, devise and bequeath unto my wife, Mary Pettibone, all of my property, real, personal and mixed, and wheresoever situated, of every sort and description, with full power to sell and convey and dispose of same, or any party thereof, as she may desire, and at any time and in such manner and upon such terms as she may elect, and with full power in the premises to convey the absolute fee simple title thereto.

" 'THIRD: - It is my will and desire that upon the death of my beloved wife, Mary Pettibone, should there remain any of said property in her possession not disposed of or used by her, such remaining property shall pass to and become the property of my daughter, Mary Lednum Poole, now of New York, New York.' "

In that opinion addressed to you we held that the total amount of tax should be assessed against the wife of the decedent, despite the fact that by the terms of the will she got something less than a fee simple title to the property. We believe that that opinion answers the question in the case you now submit to us. In this respect we fail to note any distinction between the Pettibone will discussed in Opinion No. 0-2351 and the Hebert will discussed in this opinion.

You are advised therefore that in our opinion the Texas Inheritance Tax should be assessed on all of the property against the surviving spouse in accordance with the terms of the will as written by the testator.

In answering this question we have treated the issue of the validity of the will as written as a matter of first impression despite the fact that on the 26th day of March, 1940, the Probate Court of Jefferson County, Texas, probated the will of the decedent and stated in said order that the surviving spouse was entitled to all of the testator's property to the entire exclusion of the children born subsequent to the time the will was executed. We do so for the reason that such a provision in an order of a Probate Court probating a will is of no force and effect in a situation where the children under Article 8293 supra, are in fact entitled to a participation in the estate of the estator. See Burton v. Connecticut General Life Insurance Company, 72 S.W.(2d) 318, by the Fort Worth Court of Civil Appeals, writ of error refused by the Supreme Court, and Conroy v. Conroy, 130 Tex. 508, 110 S.W.(2d) 568. We have therefore considered the rights of the children under Article 8293 without any reference whatsoever to the portion of the Probate Court order which attempts to exclude the children from any participation in the estate of the testator.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By     s/ Billy Goldberg
Billy Goldberg
Assistant

BG:LM:v

APPROVED OCT 7, 1941
s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED:
OPINION COMMITTEE
BY BWB, CHAIRMAN